1  Jon A. Titus, #006501
2  John R. Tellier, #005959
   David A. Fitzgerald, #020446
   TITUS BRUECKNER LEVINE & JOHNSON PC
3  8355 E. Hartford Drive, Suite 200
   Scottsdale, Arizona  85255
4  480-483-9600
   jtitus@tblj-law.com
5  jtellier@tblj-law.com
   dfitzgerald@tblj-law.com
6  *Attorneys for Plaintiff*

7              **UNITED STATES DISTRICT COURT**

8                 **DISTRICT OF ARIZONA**

| | |
|---|---|
| 9  Avant-Garde, LLC, an Arizona limited liability company, | No.  2:10-cv-1499 |
| 10 | |
|    Plaintiff, | **COMPLAINT** |
| 11 | |
| 12    v. | |
| 13 Mountain Spa Properties, LLC, a Utah limited liability company; Richard H. Bloomfield and Jane Doe Bloomfield, husband and wife; Bloomfield CFO, PLLC, an Arizona professional limited liability company; Rebecca R. Mendenhall and Nolen Mendenhall, wife and husband; Daniel Byer and Jane Doe Byer, husband and wife; Aaron T. Rennert and Jane Doe Rennert, husband and wife; Timothy R. Forstrom and Jane Doe Forstrom, husband and wife; Beck Locey and Jane Doe Locey, husband and wife, | |
| 18 | |
| 19    Defendants. | |

20        Plaintiff, for its complaint against Defendants in this action, alleges as follows:

21        This is an action for violations of Federal and State securities laws, fraud, breach of

22  contract, breach of guaranty and unjust enrichment against Mountain Spa Properties, LLC and

23  its principals by an investor, Avant-Garde, LLC. Avant-Garde invested $1,700,000 with

24  Defendants. One Million Dollars ($1,000,000) of this investment was memorialized by a

25  promissory note dated February 14, 2008, which note was guaranteed by each of the natural

26  person Defendants in this action who were also the principals of Mountain Spa Properties, LLC.

I. **PARTIES, JURISDICTION AND VENUE**

1.     Plaintiff Avant-Garde, LLC is an Arizona limited liability company, and was at all relevant times alleged herein, domiciled in Maricopa County, Arizona.

2.      Defendant Mountain Spa Properties, LLC ("MSP") is a Utah limited liability company.

3.     Defendant Richard H. Bloomfield is a manager of MSP and was at all relevant times a resident of Maricopa County, Arizona.

4.     Defendant Jane Doe Bloomfield is a fictitious name for Richard Bloomfield's wife, whose true name will be substituted upon discovery, and who has been named as a defendant because Bloomfield acted at all times both individually and on behalf of his marital community.

5.     Defendant Bloomfield CFO, PLLC is an Arizona professional limited liability company owned and controlled by Defendant Richard Bloomfield which does business in Maricopa County, Arizona.

6.     Defendant Rebecca R. Mendenhall is a manager of MSP. On information and belief, Mendenhall is a resident of Utah.

7.     Defendant Nolan Mendenhall is Rebecca Mendenhall's husband.

8.     Defendant Daniel Byer is a manager of MSP. On information and belief, Byer is a resident of Utah.

9.     Defendant Jane Doe Byer is a fictitious name for Daniel Byer's wife, whose true name will be substituted upon discovery, and who has been named as a defendant because Daniel Byer acted at all times both individually and on behalf of his marital community.

10.     Defendant Aaron T. Rennert is a member of MSP. On information and belief, Rennert is a resident of Utah.

2

11.     Defendant Jane Doe Rennert is a fictitious name for Aaron T. Rennert's wife, whose true name will be substituted upon discovery, and who has been named as a defendant because Rennert acted at all times both individually and on behalf of his marital community.

12.     Defendant Timothy R. Forstrom is a member of MSP. On information and belief, Forstrom is a resident of Utah.

13.     Defendant Jane Doe Forstrom is a fictitious name for Timothy R. Forstrom's wife, whose true name will be substituted upon discovery, and who has been named as a defendant because Forstrom acted at all times both individually and on behalf of his marital community.

14.     Defendant Beck Locey is a member of MSP. On information and belief, Locey is a resident of Utah.

15.     Defendant Jane Doe Locey is a fictitious name for Beck Locey's wife, whose true name will be substituted upon discovery, and who has been named as a defendant because Locey acted at all times both individually and on behalf of his marital community.

16.     Defendants Richard Bloomfield, Rebecca and Nolan Mendenhall, Daniel Byer, Aaron Rennert, Timothy Forstrom and Beck Locey may be collectively referred to herein as the "Guarantor Defendants" or the "MSP Member Defendants."

17.     The acts, occurrences and events which give rise to Plaintiff's claims occurred in Arizona, were carried out in Arizona by Defendants, and were purposefully directed into Maricopa County, Arizona by Defendants, including but not limited to the personal solicitation and sale of this investment in Arizona and sending or causing to be sent documents relating to the sale of this investment in Arizona. Accordingly, venue is proper in this Court.

18.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

3

II.     **BACKGROUND**

19.     In or about the winter of 2008, Defendants solicited Plaintiff's principal, Jim Schwiekert, to invest $1,000,000 in an MSP development project in the vicinity of Midway, Utah.

20.     Plaintiff had previously invested $700,000 in the Defendant MSP.

21.     This investment was promoted by all Defendants including Defendant Richard Bloomfield who is Mr. Schwiekert's financial advisor in Arizona who practices as Defendant Bloomfield CFO, PLLC. Defendant Bloomfield is a CPA who practices accounting and financial management out of his office in Maricopa County, Arizona.

22.     In soliciting the investment, Defendants represented as follows:

A.     This was a short term investment which would be refinanced by a permanent investor or lender.

B.     The development project was viable and commercial financing for the project would be available.

C.     That the principals managing the project and promoting the investment felt so strongly about it that they would personally guarantee it.

D.     That this investment would be repaid from funds coming from Hong Kong.

E.     That certain of the Defendants owned a 440 acre parcel near the Home Depot in Park City, Utah (the "Home Depot Parcel") which was allegedly valued at $100,000,000 which would repay Plaintiff's investment "in the unlikely event" the MSP development project did not pan out as expected.

23.     Plaintiff agreed to make the investment and, by a Promissory Note dated February 14, 2008, Defendants memorialized Plaintiff's investment in Defendants. Each of the Guarantor Defendants personally guaranteed repayment. Attached as Exhibit A to this Complaint is a true

4

and correct copy of the Promissory Note containing the signatures of the Guarantor Defendants and the notaries of each of such Defendants' signatures.

24.    By the terms of Exhibit A, this investment was to be repaid the earlier of 1) July 31, 2008 or 2) three days after Defendants refinanced the development project.

25.    Defendants did not repay Plaintiff its investment by July 30, 2008.

26.    On information and belief, either Defendants had no interest in the Home Depot Parcel, or it was conveyed to someone else.  In any event, Plaintiff was not repaid by being provided an interest in this parcel or out of the proceeds from the sale of the Home Depot parcel.

27.    Despite numerous demands, Plaintiff has not been repaid any part of its investment with Defendants by either Defendant MSP or the Guarantor Defendants.

28.    On or about October 1, 2009, Defendant Richard Bloomfield caused Articles of Dissolution to be filed with the State of Utah Department of Corporations for Defendant Mountain Spa Properties LLC.

29.    These Articles of Dissolution were filed by Defendants without notice to Plaintiff and without making arrangements for repayment of Plaintiff's investment.

30.    Accordingly, as a legal consequence of this dissolution, each natural person Defendant named herein stands as the alter ego of Defendant Mountain Spa Properties, LLC and otherwise is personally responsible for the acts and omissions alleged herein.

31.    As a result of their manager positions, and direction of MSP's business, Bloomfield, Mendenhall and Byer were and are controlling persons of MSP within the meaning of the Securities Exchange Act of 1934 and A.R.S. § 44-1999, and also made, participated in or induced the sale of this investment to Plaintiff within the meaning of A.R.S. § 44-2003. Their wrongful actions amounted to reckless and/or knowing violations of the Arizona Securities Act.

32.    Because of their control, Bloomfield, Mendenhall and Buyer were able to, and did, directly or indirectly control the conduct of MSP's business and the information disclosed to

5

Plaintiff. Because of their control, Bloomfield, Mendenhall and Buyer were able to, and did, control MSP's statements and disclosures that were made directly to Plaintiff including the decision to withhold omitted material facts. Bloomfield, Mendenhall and Byer induced the wrongful acts and omissions of MSP as alleged herein, and are also directly liable as individuals for their own wrongful acts and omissions as alleged herein. Bloomfield, Mendenhall and Byer had actual knowledge of the omitted material facts alleged herein, but intentionally and maliciously withheld that information from Plaintiff as part of a scheme to defraud investors in order to improperly benefit and profit MSP and themselves.

## III.   CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

Federal Securities Exchange Act of 1934
15 U.S.C. § 78j (b), Rule 10b-5
(Against all Defendants)

33.     Plaintiff incorporates by reference each and every allegation of this Complaint as alleged in full.

34.     The investment memorializing Plaintiff's investment in Defendants which is attached to this Complaint as Exhibit A is a "security" under the Securities Exchange Act of 1934 as amended, 15 U.S.C. § 78, et seq.

35.     In connection with the offer and sale of this investment, Defendants misrepresented material facts and omitted material facts necessary to make the facts disclosed not misleading. These misstatements and omissions include, but are not limited to the following:

A.      That Defendants had arranged financing from Hong Kong to repay Plaintiff's investment.

B.      That the MSP development project was viable and commercially financeable.

6

C.     That Defendants had the background and experience to finance and develop this development project.

D.     That "if all else fails" Plaintiff would be repaid from the sale of the Home Depot Parcel.

E.     That the Guarantor Defendants had the financial wherewithal to guarantee a $1,000,000 obligation.

36.     Such representations were false when made and Defendants knew these representations were false when made and were made intentionally, knowingly or with a reckless disregard for the truth.

37.     Defendants' violations of 15 U.S.C. § 78j(b) and Rule 10b-5 entitle Plaintiff to recover the consideration paid for the security, interest and its attorneys' fees and expenses.

38.     All Defendants are liable to Plaintiff as alter egos of the dissolved entity, Defendant MSP.

### SECOND CLAIM FOR RELIEF

Arizona Securities Act
Violations of A.R.S. § 44-1991(a)(2)
(Against all Defendants)

39.     Plaintiff incorporates by reference each and every allegation of this Complaint as if again alleged in full, except that for purposes of this Second Claim for Relief, Defendants' intentional, knowing and reckless disregard for the truth misconduct is not an element of this claim and need not be proven.

40.     Plaintiff's purchase of this investment was a transaction within or from this state involving an offer to sell or buy securities or a purchase or sale of securities within the meaning of the Arizona Securities Act, A.R.S. § 44-1991(a)(2).

41.     The misrepresentations and omissions referenced herein were made by Defendants in connection with an offer to sell or buy securities or a purchase or sale of securities, and

7

constituted material facts that were necessary in order to make the statements made by Defendants, in light of the circumstances under which they were made, not misleading, and the omitted facts would have assumed actual significance in the deliberations of a reasonable buyer.

42.    Defendants' misrepresentations and omissions of material facts violated the provisions of the Arizona Securities Act, A.R.S. § 44-1991(a) (2).

43.    Defendants' violations of A.R.S. § 44-1991(a)(2) entitle Plaintiff to recover the consideration paid for his securities, with interest, on tender of the securities purchased, and to recover his attorney's fees and costs, as provided by A.R.S. §§ 44-2001(A) and/or 2002(A).

44.    All Defendants are jointly and severally liable, as provided in A.R.S. § 44-2003.

**THIRD CLAIM FOR RELIEF**

Arizona Securities Act
Violations of A.R.S. § 44-1991(a)(3)
(Against all Defendants)

45.    Plaintiff incorporates by reference each and every allegation of this Complaint as again alleged in full.

46.    Plaintiff's investment in Defendant was a transaction within or from Arizona involving an offer to sell or buy securities or a purchase or sale of securities within the meaning of the Arizona Securities Act, A.R.S. § 44-1991(A).

47.    In connection with an offer to sell or buy securities or a purchase or sale of securities, Defendants, and each of them, engaged in a transaction, practice or course of business which operates or would operate as a fraud or deceit, as alleged herein.

48.    Defendants' actions violated the provisions of the Arizona Securities Act, A.R.S. § 44-1991(a)(3).

49.    Defendants' violations of A.R.S. §44-1991(a)(3) entitle Plaintiff to recover the consideration paid for the securities, with interest, on tender of the securities purchased, and to recover his attorneys' fees and costs, as provided by A.R.S. §§ 44-2001(A) and/or 2002(A).

50.     All the Defendants are jointly and severally liable, as provided by A.R.S. § 44-2003.

### FOURTH CLAIM FOR RELIEF

Common Law Fraud
(Against all Defendants)

51.     Plaintiff incorporates by reference each and every allegation of this Complaint as if again alleged in full.

52.     Defendants' statements and disclosures made in connection with Plaintiff's investment were misleading and fraudulent because they misrepresented material facts and failed to disclose material facts as set forth herein, and Defendants made those statements and disclosures knowing such to be false, misleading and fraudulent, or with reckless disregard as to their truth.

53.     The misstatements and omissions were material in that they rendered the statements and disclosures misleading, and they were sufficiently important to influence a reasonable investor's (and Plaintiff's) actions and decisions, and included the intentional or reckless omission of acts that were then present, existing and known to Defendants.

54.     Defendants knew that their statements and disclosures made in connection with this investment regarding then-existing facts were materially incomplete, and were therefore false and misleading, or acted with reckless disregard as to their truth. In carrying out their fraud, Defendants acted with an evil mind and engaged in wanton or reckless conduct.

55.     Defendants intended that Plaintiff would act upon their materially incomplete, false and misleading statements and disclosures.

56.     Plaintiff did not know that Defendants' statements and disclosures were materially incomplete, false and misleading, and Plaintiff acted upon the fraudulent statements and disclosures in a manner reasonably contemplated by the Defendants by making the investment.

9

57.    Plaintiff had a reasonable right to rely, and did rely upon the truth, accuracy and completeness of the statements and disclosures made by Defendants.

58.    Plaintiff's reliance was reasonable and justified under the circumstances.

59.    Plaintiff was consequently and proximately injured by the materially incomplete, false and misleading statements of fact by Defendants, and is entitled to an award of damages and/or any other available remedies in a form and amount to be determined by the jury, including an award of punitive damages.

**FIFTH CLAIM FOR RELIEF**

Unjust Enrichment/Disgorgement
(Against all Defendants)

60**.**    Plaintiff incorporates by reference each and every allegation of this Complaint as if again alleged in full.

61.    Defendants have been enriched, either directly or indirectly, by their wrongful conduct as alleged herein, including without limitation the receipt of $1,700,000.

62.    Plaintiff has been impoverished as a result of Defendants' wrongful conduct, as alleged herein.

63.    There is a connection between the enrichment and the impoverishment, as alleged herein.

64.    There is an absence of justification for the enrichment and impoverishment, as alleged herein.

65.    To the extent that there is no adequate legal remedy and/or because the circumstances alleged herein are unjust under principles of equity, an award should be made against Defendants and in favor of Plaintiff requiring Defendants to disgorge the amounts obtained from their wrongful conduct, and (to the extent not duplicative) to pay Plaintiff for the amount he was impoverished.

10

## SIXTH CLAIM FOR RELIEF

Breach of Contract
(Against all Defendants)

66.     Plaintiff incorporates by reference each and every allegation of this Complaint as again alleged in full.

67.     The Promissory Note attached hereto as Exhibit A has not been repaid in accordance with its terms. Accordingly, Defendants have breached their contract with Plaintiff.

68.     As a consequence of Defendants' breach of contract, Plaintiff is entitled to recover damages to the full extent provided in the Promissory Note including the principal amount, interest and late fees as provided therein.

## SEVENTH CLAIM FOR RELIEF

Breach of Guaranty
(Against Guarantor Defendants)

69.     Plaintiff incorporates by reference each and every allegation of this Complaint as again alleged in full.

70.     Defendants are in breach of the payment of the Promissory Note attached as Exhibit A hereto. Accordingly, the Guarantor Defendants are each jointly and severally liable on their personal guarantees of such investment but have not made any payment thereon.

71.     As a consequence of such Defendants' breach of their personal guarantees, Plaintiff is entitled to recover damages to the full extent of the amount owed under the Promissory Note including the principal amount, interest and late fees as provided therein.

## JURY DEMAND

72.     Plaintiff demands a trial by jury.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff requests a judgment in his favor, and against Defendants, and each of them, as follows:

A.    For rescission of the investment to Plaintiff with interest, pursuant to A.R.S. §§ 44-2001 and/or 2002;

B.    For an award of damages against Defendants pled herein, in an amount no less than $1,700,000 to be determined at trial;

C.    For an award of punitive damages in an amount to be determined at trial;

D.    For Plaintiff's attorneys' fees and costs, pursuant to 15 U.S.C. § 78j (b) and A.R.S. §§ 12-341.01, 44-2001(A)/2002(A);

E.    For an award of monies on account of the unjust enrichment/disgorgement alleged herein;

F.    For pre-judgment and post-judgment interest at the highest rate allowed by law; and

G.    For any other or further relief as may deemed appropriate.

RESPECTFULLY SUBMITTED this 15th day of July, 2010.

**TITUS BRUECKNER LEVINE & JOHNSON PC**

By /s/ Jon A. Titus
Jon A. Titus
John R. Tellier
David A. Fitzgerald
8355 E. Hartford Drive, Suite 200
Scottsdale, Arizona  85255
*Attorneys for Plaintiff*

H:\6001.19\Pleadings\Complaint_2010 07 15.doc

12