IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Avant-Garde, LLC, an Arizona limited liability company,

Plaintiff,

vs.

Mountain Spa Properties, LLC, a Utah limited liability company; Richard H. Bloomfield and Jane Doe Bloomfield, husband and wife; Bloomfield CFO, PLLC, an Arizona professional limited liability company; Rebecca R. Mendenhall and Nolen Mendenhall, wife and husband; Daniel Byer and Jane Doe Byer, husband and wife; Aaron T. Rennert and Jane Doe Rennert, husband and wife; Timothy R. Forstrom and Jane Doe Forstrom, husband and wife, Beck Locey and Jane Doe Locey, husband and wife,

Defendants.

No. CV10-1499-PHX-NVW

**ORDER AND OPINION**

RE: Motions at dockets 31 and 33

Before the Court is Defendant Nolen Mendenhall's Motion to Dismiss (Doc. 31) and Plaintiff's Motion for Leave to File Amended Complaint If Necessary (Doc. 33). The Court will deny Mendenhall's motion with respect to personal jurisdiction, but will grant the motion with respect to Plaintiff's fraud-based, unjust enrichment, and breach of contract claims. The Court will deny Plaintiff's motion for leave to amend, without prejudice to a subsequent motion.

## I. Background

### A. Facts

The Court derives the following facts from the complaint (Doc. 1), and assumes them to be true for purposes of the motion to dismiss. *See Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

This case revolves around Mountain Spa Properties, a Utah limited liability company that planned to develop certain property near Midway, Utah. Sometime in early 2008, a group of persons associated with Mountain Spa pitched their Midway project to Plaintiff Avant-Garde, an Arizona limited liability company. Avant-Garde had previously invested $700,000 in Mountain Spa, and agreed to loan an additional $1 million for the Midway project. In agreeing to make the loan, Avant-Garde relied upon statements from unspecified Defendants that (among other things) the investment would be short-term and quickly repaid through refinancing coming from Hong Kong, and that certain Defendants (again unspecified) owned a 440 acre parcel in Park City, Utah, valued at $100 million, which could repay Avant-Garde's investment if the Mountain Spa project did not succeed.

The parties memorialized the $1 million loan in a Promissory Note dated February 14, 2008, between Avant-Garde and Mountain Spa. (*See* Doc. 1-1.) The Promissory Note required Mountain Spa to repay the loan on the earlier of July 31, 2008, or receipt of refinancing funds. Defendants Richard Bloomfield, Daniel Byer, Timothy Forstrom, Beck Locey, Rebecca Mendenhall, and Aaron Rennert — all allegedly Mountain Spa managers or members — each agreed to personally guarantee the Note.

Mountain Spa apparently did not receive the promised refinancing, nor did it repay the Note by July 31, 2008. Avant-Garde began making repeated demands from both Mountain Spa and the guarantors, with no success. Then, in October 2009, Defendant Richard Bloomfield filed articles of dissolution for Mountain Spa, without notice to Avant-Garde.

**B. Procedural History**

Avant-Garde filed this suit in July 2010 against Mountain Spa and various other defendants, including all of the Promissory Note guarantors and their spouses. Defendant Nolen Mendenhall is the husband of Note guarantor (and Mountain Spa manager) Rebecca Mendenhall.

Avant-Garde's complaint alleges seven causes of action: (1) federal securities fraud; (2) Arizona securities fraud (material misstatements or omissions); (3) Arizona securities fraud (deceitful transaction or course of business); (4) common-law fraud; (5) unjust enrichment/disgorgement; (6) breach of contract; and (7) breach of guaranty. Avant-Garde directs all of its causes of action at all Defendants, save for the breach of guaranty action, which applies only to the "Guarantor Defendants." Avant-Garde defines "Guarantor Defendants" to include the Promissory Note guarantors and Nolen Mendenhall. (Doc. 1 ¶ 16.)

Nolen Mendenhall moved to dismiss Avant-Garde's complaint, arguing that he cannot be subject to personal jurisdiction in Arizona, and also attacking various perceived defects in Avant-Garde's complaint. Avant-Garde responded to Mendenhall's motion and alternatively moved for leave to amend its complaint. Both motions have been fully briefed, and are now ready for decision.

**II. Mendenhall's Challenge to Personal Jurisdiction**

**A. Legal Standard**

When a defendant challenges personal jurisdiction and the Court does not hold an evidentiary hearing (as in this case), the plaintiff must make a prima facie showing of facts that, if true, would support personal jurisdiction over the defendant. *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1128–29 (9th Cir. 2003). Those facts must show: (a) the defendant purposefully directed his activities toward or consummated some transaction within the forum, or otherwise performed some act by which he purposefully availed himself of the privilege of conducting activities in the forum; (b) the

plaintiff's legal claims arise out of or relate to the defendant's forum-related activities; and (c) the exercise of jurisdiction is reasonable. *CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107, 1111 (9th Cir. 2004).

**B. Analysis**

Avant-Garde's complaint makes the prima facie showing required at this stage. Avant-Garde alleges that all Defendants "solicited" or "promoted" the investment to Avant-Garde (Doc. 1 ¶¶ 19, 21, 22), an Arizona company with its principal place of business in Arizona (*id.* ¶ 1), thus satisfying the requirement that Mendenhall directed his alleged activities toward this forum. Avant-Garde's legal claims also arise out of Defendants' allegedly fraudulent solicitation of the investment. Finally, lacking evidence or argument from Mendenhall to the contrary, the Court finds that exercise of jurisdiction over him in Arizona would be reasonable. *Cf. CE Distrib.*, 380 F.3d at 1112 (detailing seven factors to consider when assessing reasonability). Thus, Avant-Garde satisfies the standard for establishing personal jurisdiction without an evidentiary hearing.

**III. Mendenhall's PSLRA and Rule 9(b) Challenges**

Avant-Garde's first four causes of action each allege fraud of some sort. Avant-Garde's complaint must therefore satisfy Fed. R. Civ. P. 9(b)'s heightened pleading requirements. Further, the Private Securities Litigation Reform Act (PSLRA) imposes heightened pleading requirements for Avant-Garde's federal securities fraud cause of action. The Ninth Circuit has stated that "the PSLRA [pleading standard] is nearly identical to that under Federal Rule of Civil Procedure 9(b)." *Rubke v. Capitol Bancorp Ltd.*, 551 F.3d 1156, 1165 (9th Cir. 2009). Accordingly, this Court will analyze the viability of Avant-Garde's fraud-related causes of action collectively.

**A. Legal Standard**

Avant-Garde's first cause of action alleges federal securities fraud — more specifically, that (a) the Promissory Note is a "security," and (b) Defendants materially misrepresented various facts relating to the investment which the Promissory Note

memorializes, thus violating section 10(b) of the Securities Exchange Act of 1934 and its most important regulatory clarification, Rule 10b-5. *See* 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5. Mendenhall has not disputed whether the Promissory Note is a "security" for purposes of federal securities law, and Avant-Garde appears to be justified in this allegation. *See* 15 U.S.C. § 78c(a)(10); *Reves v. Ernst & Young*, 494 U.S. 56, 66 (1990). Accordingly, the PSLRA applies.

The PSLRA sets up "[e]xacting pleading requirements." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 313 (2007) (internal quotation marks omitted). To begin, it requires that "the complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1). The PSLRA further requires the complaint to "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind," *id.* § 78u-4(b)(2), meaning "the defendant's intention to deceive, manipulate, or defraud," *Tellabs*, 551 U.S. at 313 (internal quotation marks omitted). That "inference of scienter [must be] cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Id.* at 324.

Avant-Garde's second and third causes of action allege securities fraud under Arizona law, rather than federal law. Here again, the Promissory Note appears to qualify as a "security" under Arizona law. *See MacCollum v. Perkinson*, 185 Ariz. 179, 186–88, 913 P.2d 1097, 1104–06 (Ct. App. 1996). But the PSLRA does not control state-law securities fraud actions. *See Leder v. Shinfeld*, 609 F. Supp. 2d 386, 397 n.10 (E.D. Pa. 2009). Nor does it control Avant-Garde's fourth cause of action, for common-law fraud. Nonetheless, Fed. R. Civ. P. 9(b) sets up similarly exacting pleading requirements to which all four causes

of action must conform, because all sound in fraud.[1] *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).

Under Rule 9(b), "a plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc). The plaintiff can usually satisfy this requirement by alleging the identity of the person who made the misrepresentation; the time, place, content, and manner of the misrepresentation; the persons who heard, read, or otherwise received the misrepresentation; and the injury caused by reliance on the misrepresentation. 2 James Wm. Moore, *Moore's Federal Practice* § 9.03[1][b] (3d ed. 2010).

Specifically with regard to allegations of identity, "there is no absolute requirement that where several defendants are sued in connection with an alleged fraudulent scheme, the complaint must identify false statements made by each and every defendant." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). However,

> Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud. . . . [A] plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme.

*Id.* at 764–65 (alterations incorporated; citations and internal quotation marks omitted).

**B. Analysis**

The vagueness — and in some places, incoherence — of Avant-Garde's complaint requires dismissal (as to Mendenhall) of its fraud-based causes of action under both the

---

[1] For present purposes, the only material difference between the PSLRA standard and Rule 9(b) is that the latter does not require the plaintiff to plead scienter with particularlity. *Rubke*, 551 F.3d at 1164.

PSLRA and Rule 9(b).[2] The most apparent defect is that Avant-Garde has lumped all Defendants together for purposes of most allegations. (*See*, *e.g.*, Doc. 1 ¶¶ 19, 21, 22, 26.) Even when Avant-Garde accuses only a subset of Defendants — *i.e.*, the "Guarantor Defendants" — the accusations do not make sense with respect to Mendenhall. Avant-Garde defines "Guarantor Defendants" to include Mendenhall (*id.* ¶ 16), and Avant-Garde later alleges, "Attached as Exhibit A to this Complaint is a true and correct copy of the Promissory Note containing the signatures of the Guarantor Defendants" (*id.* ¶ 23).[3] Yet, while Exhibit A contains blanks for the signatures of Defendants Richard Bloomfield, Daniel Byer, Timothy Forstrom, Beck Locey, Aaron Rennert, and Rebecca Mendenhall, it does not contain a blank for Nolen Mendenhall, much less his signature. (*See* Doc. 1-1 at 4–5.) Accordingly, the complaint lacks both specificity and coherence as to Mendenhall's role in the alleged fraud.

Further, the complaint does not state with particularity Mendenhall's role in the alleged fraud. And specifically with respect to PSLRA requirements, the complaint also contains no facts supporting a cogent inference of scienter on the part of Mendenhall.

Given the foregoing, Avant-Garde's first four causes of action must be dismissed as to Mendenhall.

## IV. Mendenhall's Remaining Challenges

### A. Legal Standard

Mendenhall's remaining challenges fall under the basic Rule 8 pleading standard. To state a claim for relief under Rule 8, a plaintiff must make "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at

---

[2] Avant-Garde's response to the motion to dismiss (Doc. 33) does not address Rule 9(b) or the PSLRA, but rests on the "no set of facts" notice-pleading standard that the Supreme Court abrogated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

[3] Written instruments attached to the complaint are considered a part of the complaint. Fed. R. Civ. P. 10(c).

555 (citations omitted). This "short and plain statement" must also be "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim is plausible if it contains sufficient factual matter to permit a reasonable inference that the defendant is liable for the conduct alleged. *Id.* A proper complaint needs no "formulaic recitation of the elements of a cause of action," *see Twombly*, 550 U.S. at 555, but the plaintiff must at least "allege sufficient facts to state the elements of [the relevant] claim," *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1122 (9th Cir. 2008). All of the plaintiff's plausible factual allegations are accepted as true and the pleadings are construed in a light most favorable to the plaintiff. *Knievel*, 393 F.3d at 1072.

**B. Unjust Enrichment**

Avant-Garde's fifth cause of action accuses all Defendants of unjust enrichment. Mendenhall argues that, to support an unjust enrichment claim against him, Avant-Garde must plead and prove that the alleged wrongful action enriched the marital community comprising Mendenhall and his wife. But, the argument goes, because Arizona courts apply the community property laws of the state in which the married couple resides, and because the Mendenhalls reside in Utah (which is not a community property state), Avant-Garde cannot establish an unjust enrichment claim against Mendenhall.

Avant-Garde counters that "the facts of the Complaint are not alleged only against Defendant Mendenhall's spouse, they are also alleged against Defendant Mendenhall." (Doc. 33 at 6.) This is true, to the extent that Avant-Garde's complaint attributes most alleged wrongful acts to all Defendants. However, the complaint does not include any facts other than Mendenhall's marriage to the former manager of Mountain Spa, that would support an unjust enrichment claim against Mendenhall. While Avant-Garde may suspect that Mendenhall was enriched by virtue of his marriage to a principal of Mountain Spa, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 555. Particularly where community property principles do not govern, the simple fact of marriage to an individual against whom a claim

is sufficiently pled does no more than raise a speculative right to relief against the individual's spouse. Avant-Garde's allegations against Mendenhall do not provide the minimal fair notice and plausibility required by Rule 8 and Avant-Garde has not adequately pled an unjust enrichment claim against Mendenhall.

**C. Breach of Contract**

Avant-Garde's sixth cause of action, for breach of contract, must be dismissed for failure to give proper notice of the nature of the claim to Mendenhall. Avant-Garde identifies the Promissory Note as the breached contract. (Doc. 1 ¶ 67.) But the Promissory Note is a contract between Avant-Garde and Mountain Spa. Further, as discussed above, the Promissory Note contains no reference to Mendenhall. If Avant-Garde wants to hold Mendenhall liable for breaching the Promissory Note, it must give Mendenhall fair notice of how the Promissory Note bound him.

Avant-Garde alleges that all natural person Defendants are "personally responsible for [Mountain Spa's] acts and omissions" — presumably including breach of contract — because Mountain Spa dissolved itself without notice to Avant-Garde. (Doc. 1 ¶¶ 28–30.) This appears to state the law correctly with respect to LLC members,[4] but Avant-Garde does not allege that Mendenhall was a Mountain Spa member. Avant-Garde *does* allege that Defendants Richard Bloomfield, Daniel Byer, Timothy Forstrom, Beck Locey, Aaron Rennert, and Rebecca Mendenhall were either Mountain Spa members or managers. But Avant-Garde does not make any such allegations as to Defendants Jane Doe Bloomfield, Jane Doe Byer, Jane Doe Forstrom, Jane Doe Locey, Jane Doe Rennert, or Nolen Mendenhall. The Court therefore assumes that Avant-Garde's pleadings were deliberate in this respect.

---

[4] Mountain Spa is (or was) allegedly organized under Utah law. Although the parties have not briefed the issue, the Court's preliminary research suggests that, under Utah law, a party with a claim against a dissolved LLC can enforce that claim "against one or more members of the dissolved company to the extent the assets have been distributed to the members." Utah Code Ann. § 48-2c-1307(1)(b) (West 2010).

If Nolen Mendenhall was not a member, as the complaint indicates, then the complaint states no legal basis to enforce the Promissory Note against him. Accordingly, the Court will dismiss Avant-Garde's breach of contract cause of action as to Mendenhall.

### D. Breach of Guaranty

Avant-Garde addressed its seventh cause of action, for breach of guaranty, to the "Guarantor Defendants." (Doc. 1 at 11.) Avant-Garde, somewhat confusingly, defined Guarantor Defendants to include Mendenhall. (*See supra* p. 7.) However, Mendenhall does not challenge this cause of action. Therefore, Avant-Garde's seventh cause of action remains.

## V. Avant-Garde's Motion to Amend

To the extent this Court dismisses Avant-Garde's complaint, Avant-Garde seeks leave to amend. Under Rule 15, the Court should grant such leave "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). But "[l]eave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

Here, Avant-Garde's proposed amended complaint does not cure any of the defects discussed above, and would therefore be subject to dismissal. Regarding the Rule 9(b) and PSLRA requirements, the proposed amendments add only slightly more detail about Mendenhall, and even then, the added detail specifies only that Mendenhall, "together [with his wife,] present[ed] the [Mountain Spa] project to the Midway City Planning Commission," and spoke "on behalf of [Mountain Spa]" to some unspecified person or entity "regarding issues including architectural planning and marketing of the project." (Doc. 43-1 ¶ 10.) This does not meet either the Rule 9(b) or PSLRA pleading standards. If anything, these allegations suggest that the Midway project was legitimate, not fraudulent.

Avant-Garde's added paragraphs about Mendenhall's conviction for securities fraud in the late 1990s (*id.* ¶¶ 9, 29) also add nothing of substance. Presumably, Avant-Garde hoped that the prior conviction would go towards the PSLRA's scienter requirement. The

Court has located no authority discussing whether a plaintiff may allege a prior securities fraud conviction to help satisfy the PSLRA's scienter pleading requirement. In any event, without more, the mention of Mendenhall's previous conviction does not raise an "inference of scienter [that is] cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Tellabs*, 551 U.S. at 324. In addition, pleading scienter is virtually meaningless without detailed allegations about the nature of the fraud allegedly perpetrated by Mendenhall in this case. As stated above, those details are lacking both in the current complaint and the proposed amended complaint.

The proposed amended complaint also does not cure the defects in Avant-Garde's breach of contract or unjust enrichment claims. The proposed amended complaint does not allege that Mendenhall was a Mountain Spa member or manager or that Mendenhall was enriched outside the speculative context of his marriage to Rebecca Mendenhall.

Because Avant-Garde's proposed amended complaint does not resolve the problems presented by its current complaint, the Court will deny Avant-Garde's motion to amend. This denial is without prejudice to a subsequent motion to amend, but the Court emphasizes that, if Avant-Garde chooses to amend, its factual allegations must either (i) "have evidentiary support," or (ii) be "specifically . . . identified" as facts that "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3).

**VI. Conclusion**

IT IS THEREFORE ORDERED that Defendant Nolen Mendenhall's Motion to Dismiss (Doc. 31) is GRANTED with respect to Plaintiff's first, second, third, fourth, fifth, and sixth claims, and DENIED in all other respects.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File Amended Complaint If Necessary (Doc. 33) is DENIED without prejudice to a subsequent motion.

DATED this 2nd day of November 2010.

/S/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE