**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Avant-Garde, LLC, an Arizona limited liability company,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Mountain Spa Properties, LLC, a Utah limited liability company; Richard H. Bloomfield and Jane Doe Bloomfield, husband and wife; Bloomfield CFO, PLLC, an Arizona professional limited liability company; Rebecca R. Mendenhall and Nolen Mendenhall, wife and husband; Daniel Byer and Jane Doe Byer, husband and wife; Aaron T. Rennert and Jane Doe Rennert, husband and wife; Timothy R. Forstrom and Jane Doe Forstrom, husband and wife; Beck Locey and Jane Doe Locey, husband and wife,<br><br>　　　　　Defendants. | No. CV-10-01499-PHX-NVW<br><br>**ORDER** |

Before the Court is a "Motion to Dismiss Rule 12(b)2" (Doc. 76) brought by Defendants Timothy Forstrom and Jane Doe Forstrom. The Forstroms are husband and wife and represent themselves *pro se*. Jane Doe Forstrom's true first name is Michelle. The Court will grant the motion as to Michelle Forstrom but deny it as to Timothy Forstrom.

**I.     Background**

    **A.     Facts**

The Court derives the following facts from the complaint (Doc. 1), and assumes them to be true for purposes of the motion to dismiss. *See Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

This case revolves around Mountain Spa Properties, a Utah limited liability company that planned to develop certain property near Midway, Utah. Sometime in early 2008, a group of persons associated with Mountain Spa pitched their Midway project to Plaintiff Avant-Garde, an Arizona limited liability company. Avant-Garde had previously invested $700,000 in Mountain Spa, and agreed to loan an additional $1 million for the Midway project. In agreeing to make the loan, Avant-Garde relied upon statements from unspecified Defendants that (among other things) the investment would be short-term and quickly repaid through refinancing coming from Hong Kong, and that certain Defendants (again unspecified) owned a 440 acre parcel in Park City, Utah, valued at $100 million, which could repay Avant-Garde's investment if the Mountain Spa project did not succeed.

The parties memorialized the $1 million loan in a Promissory Note dated February 14, 2008, between Avant-Garde and Mountain Spa. (*See* Doc. 1-1.) The Promissory Note required Mountain Spa to repay the loan on the earlier of July 31, 2008, or receipt of refinancing funds. Defendants Richard Bloomfield, Daniel Byer, Timothy Forstrom, Beck Locey, Rebecca Mendenhall, and Aaron Rennert — all allegedly Mountain Spa managers or members — each purportedly agreed to guarantee the Note personally.

Mountain Spa did not receive the promised refinancing, nor did it repay the Note by July 31, 2008. Avant-Garde began making repeated demands from both Mountain Spa and the guarantors, with no success. Then, in October 2009, Defendant Richard Bloomfield filed articles of dissolution for Mountain Spa, without notice to Avant-Garde.

    **B.     Procedural History**

Avant-Garde filed this suit in July 2010 against Mountain Spa and various other defendants, including all of the Promissory Note guarantors and their spouses. Avant-

- 2 -

1 Garde's complaint alleges seven causes of action: (1) federal securities fraud; (2) Arizona
2 securities fraud (material misstatements or omissions); (3) Arizona securities fraud (deceitful
3 transaction or course of business); (4) common-law fraud; (5) unjust
4 enrichment/disgorgement; (6) breach of contract; and (7) breach of guaranty. Avant-Garde
5 directs all of its causes of action at all Defendants, save for the breach of guaranty action,
6 which applies only to the "Guarantor Defendants." Avant-Garde defines "Guarantor
7 Defendants" to include the Promissory Note guarantors, including Timothy Forstrom.
8 (Doc. 1 ¶ 16.)

9 The Forstroms, who live in Provo, Utah, moved to dismiss Avant-Garde's complaint,
10 arguing that they cannot be subject to personal jurisdiction in Arizona. They point out that,
11 although the Promissory Note contains a signature block for Timothy Forstrom, he did not
12 sign. (*See* Doc. 1-1 at 4.) The Promissory Note does contain a notarization section where
13 a notary named Kyle Bryant of Washington, Utah, attested that Timothy Forstrom
14 "personally appeared before me and acknowledged the foregoing Note" on April 11, 2008.
15 (*Id.* at 8.) But by way of declaration, Timothy Forstrom claims that he does not know Kyle
16 Bryant and never appeared before him, nor was he in Washington, Utah, on April 11, 2008.
17 Timothy Forstrom's declaration also claims that he does not conduct business in Arizona,
18 that he has only been to Arizona three times (most recently 10 years ago), that he was not
19 "personally involved in the transactions where Avant-Garde, LLC invested in [*sic*]
20 $1,700,000 in Mountain Spa Properties, LLC." (Doc. 77 at 12.) Michelle Forstrom has
21 likewise submitted a declaration claiming that she has never been to Arizona, never
22 conducted business in Arizona, never conducted business with any of the parties to this case,
23 and has never been a member of Mountain Spa. (*Id.* at 16.)

24     **II.**    **Analysis**

25         **A.**    **Legal Standard**

26 When a defendant challenges personal jurisdiction and the Court does not hold an
27 evidentiary hearing (as in this case), the plaintiff must make a prima facie showing of facts
28 that, if true, would support personal jurisdiction over the defendant. *Harris Rutsky & Co.*

*Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1128–29 (9th Cir. 2003). Those facts must show: (a) the defendant purposefully directed his activities toward or consummated some transaction within the forum, or otherwise performed some act by which he purposefully availed himself of the privilege of conducting activities in the forum; (b) the plaintiff's legal claims arise out of or relate to the defendant's forum-related activities; and © the exercise of jurisdiction is reasonable. *CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107, 1111 (9th Cir. 2004). In tort-focused cases such as this one, this first element (purposeful direction) can be satisfied by the "effects test" — showing that "the defendant (1) commit[ed] an intentional act; (2) expressly aimed at the foreign state; (3) causing harm in the foreign state that the defendant knew was likely to be suffered in that state." *Id.*

### B.     Michelle Forstrom

Following this test, the Court concludes that it has no personal jurisdiction over Michelle Forstrom. The complaint contains no allegations about her other than her status as Timothy Forstrom's wife. Indeed, Avant-Garde did not even know Mrs. Forstrom's first name when it added her as a defendant. The Court surmises that Avant-Garde added Mrs. Forstrom because Arizona lawyers, such as those representing Avant-Garde, reflexively add spouses as defendants to ensure proper execution of judgment under Arizona community property law, should the case get that far. But Arizona's community property laws do not govern non-residents. *Lorenz-Auxier Fin. Group. Inc. v. Bidewell*, 160 Ariz. 218, 220, 772 P.2d 41, 43 (Ct. App. 1989). Given that the complaint contains nothing about Mrs. Forstrom's actions, the Court concludes that it cannot reasonably exercise personal jurisdiction over her, and she will be dismissed from this action.

### C.     Timothy Forstrom

Avant-Garde's complaint makes the prima facie showing required to exercise jurisdiction over Timothy Forstrom at this stage. Avant-Garde claims that the members of Mountain Spa purposefully solicited Avant-Garde's investment, knowing Avant-Garde is based in Arizona, and subsequently defrauded Avant-Garde and breached a contract. Mr. Forstrom does not deny that he was a Mountain Spa member, and there are obvious

questions to resolve regarding his role in the Avant-Garde transaction. Why was there a signature block for him on the Promissory Note? Why didn't he sign? Why is there a notary attesting that he did sign?

Although the Court understands Mr. Forstrom's view of these events, the Court cannot, at this stage, simply adopt that view and cut off Avant-Garde's right to obtain discovery. Admittedly, the Court could "take evidence at a preliminary hearing in order to resolve the contested issues." *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). However, such a hearing runs the "risk of prejudicing [the plaintiff's] case on the merits." *Id.* at n.10. Here, proceeding with discovery is the best course. Mr. Forstrom could then renew his jurisdictional challenge in a motion for summary judgment, depending on what discovery reveals.

The Court also notes that exercising jurisdiction over Mr. Forstrom in this instance is reasonable. Most discovery regarding Mr. Forstrom will likely take place in Utah. Further, this Court frequently permits out-of-town parties to appear at scheduling and status conferences by telephone, and certain other court hearings may take place by telephone as well. Finally, for those court hearings that Mr. Forstrom must attend in person, the distance between Provo, Utah, and Phoenix, Arizona, does not create such a "grave[] difficult[y] and inconvenien[ce] that a [Mr. Forstrom] unfairly is at a severe disadvantage in comparison to his opponent." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985).

IT IS THEREFORE ORDERED that the Forstroms' "Motion to Dismiss Rule 12(b)2" (Doc. 76) is GRANTED as to Defendant Jane Doe Forstrom (Michelle Forstrom) and DENIED as to Defendant Timothy Forstrom.

DATED this 10th day of March, 2011.

_____
Neil V. Wake
United States District Judge