**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Avant-Garde, LLC, | No. CV 10-01499-PHX-NVW |
| Plaintiff, | **ORDER** |
| vs. | |
| Mountain Spa Properties, LLC, et al., | |
| Defendants. | |

Before the Court is Defendant Rebecca Mendenhall's motion to dismiss (Doc. 127). The motion will be denied.

Mendenhall presents two arguments for dismissal. First, she attaches various documents, e-mails, and so forth that supposedly show she is not liable for the conduct alleged. This material is outside the scope of Avant-Garde's complaint. Some of it may be subject to judicial notice as public records, *see Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001), but even so, Mendenhall does no more than present her side of the story. Avant-Garde presents a different story. At this stage of the case, the Court has no power to resolve conflicting accounts, but instead must accept all of the plaintiff's plausible factual allegations as true and construe the pleadings in a light most favorable to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Mendenhall's first argument therefore fails.

Mendenhall's second argument is that Avant-Garde's complaint does not state a claim with the specificity required by the Private Securities Litigation Reform Act

(PSLRA). However, Mendenhall answered the complaint over a year ago (Doc. 8) and the parties are well into the discovery phase (*see* Docs. 102, 105, 108, 111, 113, 114, 121, 128).

No authority answers whether a party must raise a PSLRA pleading-specificity objection at the outset. However, it is well settled that a party waives any objection to Fed. R. Civ. P. 9(b)'s special fraud pleading requirements if not raised at the outset. *Davsko v. Golden Harvest Prods., Inc.*, 965 F. Supp. 1467, 1474 (D. Kan. 1997); *Todaro v. Orbit Int'l Travel, Ltd.*, 755 F. Supp. 1229, 1234 (S.D.N.Y. 1991); *United Nat'l Records, Inc. v. MCA, Inc.*, 609 F. Supp. 33, 39 (N.D. Ill. 1984). Although the PSLRA standards are more strict than Rule 9(b)'s, there is no basis in logic or sound administration to treat the PSLRA differently with respect to waiver. The point of the PSLRA pleading requirements is to screen cases *early* for "nuisance filings." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 81 (2006). A securities fraud defendant may not therefore answer the complaint and go forward with discovery, all the while holding a pleading objection in reserve in case the going gets rough. Such late-game procedural dismissals are precisely what the Federal Rules are meant to avoid. Accordingly, Mendenhall's PSLRA argument fails.

IT IS THEREFORE ORDERED that Defendant Rebecca Mendenhall's motion to dismiss (Doc. 127) is DENIED.

Dated this 25th day of October, 2011.

_____
Neil V. Wake
United States District Judge